```
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF FLORIDA

                                   CASE NO. 09-61800-Civ-COHN
                                   MAGISTRATE JUDGE P.A. WHITE
ERIC HEINRITZ,                  :

     Petitioner,                :

v.                              :       REPORT OF
                                        MAGISTRATE JUDGE
WALTER A. McNEIL,               :

     Respondent.                :
_____
```

**INTRODUCTION**

Eric Heinritz, a state prisoner confined at Madison C.I., ("MCI") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on 11/9/2009 (DE#1).[1] The Respondent concedes that the petition was timely filed. Heinritz is attacking his judgment of conviction and sentences imposed in Case 05-10654, after his entry of a plea of *nolo contendere*, in the Circuit Court of the in the Fifteenth Judicial Circuit of Florida, in and for Broward County.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration the Court has Heinritz's §2254 petition and Memo (DE#s 1, 2); and the State's Response thereto (DE#9) with Exhibits 1-17 (submitted at DE#s 10 and 12, with notices of conventional filing, DE#s 11 and 13).[2] Heinritz has filed no Reply.

---

[1] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). Here, Heinritz's §2254 petition is deemed to have been filed on the date on which it was signed, and was presumably delivered to prison officials at MCI for mailing.

[2] At the time of review of the record, in preparation of this Report, Exhibits 1, 2, 7, and 10 had been filed and scanned at DE#12; and Exhibits 3-4 had been filed and fully scanned at DE#10. Exhibit 5 was filed and partially scanned at DE#s 10 and 10-1. Although Exhibits 6, 8, 9, and 11-17 were listed as having been filed as part of the Respondent/State's appendix at DE#10, they were not scanned. A complete courtesy copy of the Appendix DE#10, including complete

## **Procedural Background**

Petitioner Heinritz, upon entry of a plea of *nolo contendere*, was convicted of: Trafficking in Cocaine, Count 1 [a 1st Degree Felony]; Trafficking in Cannabis, Count 2 [a 1st Degree Felony]; Child Abuse, Count 3 [a 3rd Degree Felony]; and Possession of Drug Paraphernalia, Count 4 [a 1st Degree Misdemeanor], and on the felony Counts was sentenced to concurrent 7½ year terms of imprisonment on Counts 1 and 2, and to a concurrent term of 5 years imprisonment on Count 3. (Judgment, and Sentencing Order, entered on 3/16/2006; See Exs. 1 and 2).

Heinritz took no direct appeal. He filed a Motion to Modify Sentence on 5/22/2006 (See Docket, Ex.3 at p.2), which was denied in an Order that was signed 6/19/2006 and entered on the docket on 6/20/2006 (Id.). Thereafter, as discussed below, Heinritz pursued three Motions for Post Conviction Relief pursuant to Fla.R.Crim.P. 3.850, and appeals from denial of those Rule 3.850 motions.

Heinritz's first Rule 3.850 motion, dated/filed on 7/11/2006 (Ex.4) [referencing Case 04-16265CF10A], raised three claims, framed as follows, *verbatim*:

> Counsel was ineffective by failure to raise and preserve the affirmative defense that Mr. Heinritz consent to search was invalid as a matter of law.
>
> Counsel was ineffective by the failure to raise the affirmative defense that there was no exigent circumstances that justified BCSO to cross the threshold of the residence.
>
> Counsel was ineffective for not raising the affirmative defense that the voluntariness of consent was predicated upon police activity of illegal search.

---

copies of Exhibits 5, 6, 8, 9, and 11-17 had been provided to Chambers, and those documents were reviewed and considered. In conjunction with the entry of this Report that courtesy copy of the exhibits [including Exhibits 5, 6, 8, 9, and 11-17] is being forwarded to the Clerk's Office, for processing, to ensure that the official record for the case, which is maintained by the Clerk, is complete.

(Ex.4). The trial court, without ordering a response from the state, denied the Rule 3.850 motion in an order dated 9/18/2006 and docketed 9/27/2006 (Ex.5) with a copy of the 121-page transcript of Heinritz's 1/10/2006 Suppression Hearing attached as Exhibit I. The Court's 9/18/2006 Order denying this first of Heinritz's three Rule 3.850 motions, read in pertinent part, as follows:

> Defendant contends that his attorney was ineffective because she failed to raise affirmative defenses such as lack of consent and no exigent circumstances. These claims are belied by the motion to suppress filed prior to trial in this case. The motion to suppress was held in this case on January 20, 2006 (exhibit I).
>
> In both the written motion and the hearing on the motion to suppress, Ms. McHugh argued that Defendant's consent was not voluntarily given (pp.107-110). In making the ruling denying the motion to suppress, this Court specifically found that there were exigent circumstances for the search (p.114). The Court also found a valid consent in this case given by both Defendant and the other occupant of the apartment, Ms. Bushey.
>
> These "affirmative defenses," as Defendant calls them, are not defenses that can be put before a jury or trier of fact. These claims instead go to the legality of the search and seizure in this case. These claims were properly raised in a motion to suppress by defense counsel, which the Court denied. Further, Defendant entered a plea to the amended information on March 16, 2006. He, during the colloquy, waived the right to appeal this Court's denial of the motion to suppress. Accordingly, it is
>
> ORDERED AND ADJUDGED that the Motion for Post-conviction relief is DENIED.
>
> DEFENDANT SHALL HAVE THIRTY (30) DAYS FROM THE RENDITION OF THIS ORDER TO FILE AN APPEAL.
>
> DONE AND ORDERED in Chambers at Fort Lauderdale, Florida, this 18th Day of September 2006.

> [In footnote 1 of its Order, the Court noted that Heinritz had filed the motion, incorrectly using No. 04-16265 CF 10A which had previously been assigned to the case, but that an amended information had been filed, and the Clerk of Court had assigned a new case number 05-10654CF10A to the matter].

(Ex.5; 9/18/2006 Order Denying Defendant's Motion for Post Conviction Relief). The trial court's order was *per curiam* affirmed by the Florida 4th DCA on 6/27/2007, Heinritz v. State, 959 So.2d 270 (Fla. 4 Dist. 2007); and Mandate issued on 7/27/2007 (Ex.6).

While Heinritz's appeal from denial of his first Rule 3.850 motion was pending, he filed his second Rule 3.850 motion, dated 1/5/2007 (Ex.7), again referencing Case 04-16265 CF 10A, raising a single claim, as follows, *verbatim*:

> Counsel was ineffective for not asserting a proper Motion to Suppress under Fla.R.Crim.P. 3.198 the statements made in violation of Miranda v. Arizona 384 U.S. 436 (1966).

(Ex.7). On 8/27/2007 the State filed a Response (Ex.8), arguing, as its first point, that the motion should be "summarily denied as to case number 04-16265CF, because that case was nolle prossed, and refiled as case number 05-10654 CF...". The 8/27/2007 Response opposing Heinritz's second Rule 3.850 motion, further argued (making references to Exhibits submitted with the Response) that the second Rule 3.850 motion should be denied. That portion of the Response read as follows, *verbatim*:

> 2. The motion of the defendant must be denied as being successive. The defendant filed one prior motion for post conviction relief (Exhibit III), which was denied on the merits by this Honorable Court (Exhibit IV without attachments), and affirmed on appeal (Exhibit V). The issues raised in the current motion were or could have been raised in his previous motion, and the defendant fails to explain why any new claim could not have been raised in his initial motion. Because the motion is successive, it must be dismissed as an

4

>       abuse of the process.

(Ex.8). The trial court, in its 8/30/2007 Order (Ex.9) denied Heinritz's second rule 3.850 motion, based on procedural default, incorporating by reference and adopting the State's argument from its Response, as the basis for the Court's ruling. The 8/30/2007 Order, read as follows, *verbatim*:

> This Cause came on for consideration by this Court of Defendant's motion to post-conviction relief. The State filed its timely response to Defendant's motion. This Court has carefully reviewed the motion, the State's response and the file. Being fully apprised in the premises, it is
>
> ORDERED AND ADJUDGED that this Court adopts the arguments and attachments of the State's response and incorporates the same by reference in this order by attaching a copy hereto. It is
>
> FURTHER ORDERED AND ADJUDGED that the motion for Post-conviction Relief is DENIED.
>
> DEFENDANT SHALL HAVE THIRTY (30) DAYS FROM THE RENDITION OF THIS ORDER TO FILE AN APPEAL.
>
> DONE AND ORDERED in chambers at Fort Lauderdale Florida this 30th day of August 2007.

(Ex.9). Upon denial of the motion, Heinritz moved for rehearing on 9/11/2007 (Ex.10); the motion was misplaced by the Clerk, but later was found in 2009, and was denied on 8/14/2009 (Order, Ex.11). The Order denying the motion for rehearing was not appealed.

Petitioner Heinritz filed his <u>third</u> Rule 3.850 motion on 3/12/2008 (Ex.12), highlighting two "issues," framed by him as follows:

> First issue (I) for counsel not asserting a proper motion to suppress under <u>Fla.R.Crim.P. 3.198</u> Statements made in violation of <u>Miranda v. Arizona</u>

5

>       384 U.S. 436 (1966).
>
>       Second issue (II) for counsel not raising in the
>       motion to suppress the evidence it lacked indicia
>       of reliability.

(<u>Third</u> Rule 3.850 motion, Ex.12).  The State filed its Response on 4/18/2008 (Ex.13) opposing Heinritz' third Rule 3.850 motion. The Response read, as follows, *verbatim*:

>       1. The motion of the defendant must be denied
>       as being successive. The defendant filed one prior
>       motion for post conviction relief (Exhibits I),
>       which was denied on the merits by this Honorable
>       Court (Exhibit II without attachments), and
>       affirmed on appeal (Exhibit III). A second motion
>       for post-conviction relief was denied as being
>       successive (Exhibit IV without attachments), but
>       not appealed. The issues raised in the current
>       motion were or could have been raised in his
>       previous motions, and the defendant fails to
>       explain why any new claim could not have been
>       raised in his initial motion. Because the motion is
>       successive, it must be dismissed as an abuse of the
>       process.

(Response, Ex.13).  On 4/22/2008, Heinritz filed an Addendum to his <u>third</u> Rule 3.850 motion, adding a third issue, framed, as follows:

>       1. The defendant is also taking the position
>       Counsel was ineffective by not providing Deffendant
>       [sic] Heinritz, with a full or complete discovery
>       for case No: 05-10654CF10A.

(Ex.13A).  Thereafter, the trial court denied the <u>third</u> Rule 3.850 motion on 5/9/2008 (Ex.14).  The Order read, as follows, *verbatim*:

>       THIS MATTER has come before the Court upon
>       Defendant's Motion for Post-Conviction Relief
>       pursuant to Rule 3.850, Fla.R.Crim.P., dated March
>       12, 2008. The Court has reviewed the Defendant's
>       pleadings, the State's Response thereto, and the
>       file herein. Being fully apprised in the premises,
>       it is therefore

> ORDERED AND ADJUDGED that the Defendant's Motion for Post-Conviction Relief be, and the same hereby is, DENIED, for the reasons given in the State's Response, a copy of which is attached hereto and hereby incorporated. The Court specifically finds the Motion is successive <u>and</u> fails to comply with the pleading requirements of the Rule.
>
> The defendant has thirty days to appeal this Order.
>
> DONE AND ORDERED at Fort Lauderdale, Broward County Florida this 7 Day of May, 2008.

(Order, Ex.14). The trial court's 5/7/2008 Order, denying Heinritz's third Rule 3.850 motion was *per curiam* affirmed by the Florida 4th DCA on 7/30/2008, <u>Heinritz v. State</u>, 989 So.2d 649 (Fla. 4 Dist. 2008); and Hienritz's 8/12/2008 motion for rehearing (<u>See</u> Ex.15) was denied on 9/19/2008 (Ex.16), and Mandate issued on 10/13/2008 (Ex.17).

The petitioner's 11/9/2009 federal Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, followed. It was filed within three months of the trial Court's delayed 8/14/2009 Order[3] which denied Heinritz's 9/11/2007 motion for rehearing of its 8/30/2007 denial of his second rule 3.850 motion.

### DISCUSSION

In the instant §2254 Petition, Heinritz raises 4 grounds for relief, framed as follows, *verbatim*:

1. **Ineffective assistance on the grounds of not filing a proper motion to suppress, and also on issues of indicia of reliability.**

2. **Indicia of Probable Cause**

3. **Legally insufficient form of Miranda used by**

---

[3] As noted <u>supra</u>, the Clerk had apparently misplaced the motion for rehearing that was filed upon denial of Heinritz's second Rule 3.850 motion, resulting in a delay of almost 2 years for disposition of the motion for rehearing in the second Rule 3.850 proceeding.

7

**B.C.S.O.**

4.  **Being detained while giving consent to search without protection of Miranda.**

Review of the §2254 petition, and the exhibits filed in support of the State's Response to Order to Show Cause, demonstrates that the State is correct in arguing that petitioner Heinritz's claims raised here as grounds 1-4 of his federal petition are procedurally defaulted and barred from review on the merits in federal court.

One way that a procedural-default bar in federal court can arise is when a petitioner raises a claim in state court and "the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred." Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11 Cir.1999). In such an instance the federal court must determine whether the last state court rendering judgment clearly and expressly stated that its judgment rested on a procedural bar.

A claim is procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar. Coleman v. Thompson, 501 U.S. 722, 734-35, n.1 (1991). The state court's basis for rejecting the claim must be firmly established and regularly followed, and not applied in an "arbitrary or unprecedented fashion," Judd v. Haley, 250 F.3d 1308, 1313 (11 Cir. 2001), or in a manifestly unfair manner. Ford v. Georgia, 498 U.S. 411, 424-25 (1991); Upshaw v. Singletary, 70 F.3d 576, 579 (11 Cir. 1995). In Florida, a District Court of Appeal's per curiam affirmance of a circuit court's ruling explicitly based on procedural default "is a clear and express statement of its reliance on an independent and adequate state ground which bars consideration by the federal courts." Harmon v. Barton, 894 F.2d 1268, 1273 (11 Cir. 1990).

In addition, an applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. §2254(b),(c). A claim must be presented to the highest court of the state to satisfy the exhaustion requirement.

8

O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5 Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982). In a Florida non-capital case, this means the applicant must have presented his claims in a district court of appeal. Upshaw v. Singletary, 70 F.3d 576, 579 (11 Cir. 1995). The claims must be presented in State court in a procedurally correct manner. Id.

When presented with a "mixed" petition raising both exhausted and unexhausted claims, the district court ordinarily must dismiss the petition, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Kelley v. Sec'y, Dep't of Corr., 377 F.3d 1317, 1351 (11 Cir. 2004). In extraordinary cases, the district court has discretion to grant a stay to allow the petitioner to exhaust the unexhausted claim. Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (stay and abeyance is available only if (1) the petitioner had "good cause" for failing to exhaust the claims in state court, (2) the unexhausted claims are "potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentional-ly dilatory litigation tactics."). However, "when it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the federal district court] can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Kelley, 377 F.3d at 1351; see Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11 Cir. 1999) (noting procedural default can arise when the petitioner never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred in state court).

### §2254 Petition: Ground 1

The claim raised as Ground 1 of the federal petition, that counsel was ineffective for not filing a proper motion to suppress where [according to Heinritz] a tip to police from an anonymous caller "lacked indicia of reliability," was raised as ground 2 of petitioner's third Rule 3.850 motion.  As discussed, supra, that

9

third Rule 3.850 motion was denied by the Court for the reasons given in the state's response, i.e., that the Rule 3.850 motion did not comply with pleading requirements of the Rule, was <u>successive</u>, and was an abuse of the process.

Except under limited circumstances not present in petitioner's case, Florida law bars successive Rule 3.850 motions. <u>See</u> Fla. R.Crim. P. 3.850(f); <u>Moore v. State</u>, 820 So.2d 199, 205 (Fla.2002) (holding that a second or successive motion for post-conviction relief can be denied on the ground that it is an abuse of process if there is no reason for failing to raise the issues in the previous motion); <u>Spaziano v. State</u>, 545 So.2d 843, 844 (Fla.1989) ("Unless petitioner shows justification for failure to raise the present issue in the first petition, the second successive petition pursuant to Florida Rule of Criminal procedure 3.850 may be dismissed as an abuse of procedure."); <u>Christopher v. State</u>, 489 So.2d 22 (Fla.1986) (successive Rule 3.850 motions are procedurally barred); <u>Francois v. State</u>, 470 So.2d 687 (Fla.1985) (same); <u>Duncan v. State</u>, 728 So.2d 1237 (Fla. 3d DCA 1999) (a successive motion is an abuse of the judicial process when it attempts to litigate issues that were, could, or should have been raised either on direct appeal or in the defendant's previous motion). <u>See also</u> <u>Boldender v. Dugger</u>, 564 So.2d 1057, 1058 n. 1 (Fla.1990) (holding that issues which were raised on appeal or in defendant's first post-conviction motion, or which could and should have been raised previously in one of those forums, were procedurally barred).

In order to avoid application of the procedural default in this Court the Petitioner would have to establish objective cause for failure to properly raise the claim in the state courts, <u>Wright v. Hopper</u>, 169 F.3d 695, 703 (11 Cir. 1999), <u>see also</u> <u>Murray v. Carrier</u>, 477 U.S. 478 (1986); and must also show actual prejudice from the resulting from the error complained of, i.e., demonstrate that there is at least a reasonable probability that the outcome of the proceeding would have been different. <u>See</u> <u>Crawford v. Head</u>, 311 F.3d 1288, 1327-28 (11 Cir. 2002). The claim in Ground 1 of this federal habeas corpus petition was denied in the state forum on a clearly expressed independent and adequate state ground that the motion raising the claim was successive, and

10

procedurally barred from review in state court. The Petitioner Heinritz has failed to demonstrate cause and prejudice, and accordingly he cannot overcome the procedural bar which, in this case, forecloses review of ground 1.

### §2254 Petition:  Grounds 2, 3, and 4

Grounds 2, 3, and 4 in Heinritz's §2254 petition are not framed in terms of ineffective assistance. As framed, they would appear to be  substantive claims of lack of probable cause [Ground 2], use of a legally insufficient or defective Miranda warning by the Broward County Sheriff's Office [Ground 3], and "Being detained while giving consent to search without protection of Miranda" [Ground 4]. Such substantive claims would normally have to be raised by a defendant a issues on direct appeal from a judgment of conviction. In Heinritz's case there was no direct appeal; and where the substantive claims were themselves not raised in an appropriate post-judgment state court proceeding [i.e., direct appeal], they are unexhausted for purposes of federal habeas corpus review. Here, where the judgment in case 05-10654 became final more than 3 years before Heinritz's filing of his §2254 petition in this case, and the time for filing a direct appeal in the Florida 4th DCA to raise substantive claims has long since expired, the claims in Grounds 2, 4, and 4 of the §2254 petition should be treated as procedurally defaulted and barred from federal habeas corpus review, because it is clear that the substantive claims [that are unexhausted here] would be procedurally barred in state court due to state procedural default. See Kelley, supra, 377 F.3d at 1351; Bailey, supra, 172 F.3d at 1302-03.

If, in the alternative, the claims in grounds 2, 3, and 4 of the §2254 petition are construed as having been intended as claims of ineffective assistance, as Heinritz's memorandum suggests [see DE#2, p.4], they are still procedurally barred from federal habeas corpus review, because Petitioner Heinritz's claims of ineffective assistance in his first Rule 3.850 motion were not based on an alleged failure by counsel to argue lack of probable cause, use of defective Miranda warnings by the Broward Sheriff's Office, or the illegal detention of petitioner "while giving consent to search

11

without the protection of Miranda.[4] Having not raised such claims in his first Rule 3.850 motion, the raising of such ineffective assistance claims by Heinritz in his subsequent Rule 3.850 motions subjected the claims to rejection by the state court on grounds of procedural default, because the subsequent state post-conviction motions were deemed successive, and procedurally barred from review in the state forum. As was the case for the claim in Ground 1 of the §2254 petition, where the claims in Grounds 2, 3, and 4 of the federal petition were deemed procedurally barred by the state courts when presented in the state forum, they should be treated as procedurally barred from federal habeas corpus review.

## CONCLUSION

For the above-stated reasons, it is recommended that: 1) the Petitioner Eric Heinritz's petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (DE#1) be DENIED; and 2) this case be CLOSED.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated: February 23rd, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Eric Heinritz, Pro Se
     DC# B03388
     Madison Correctional Institution
     382 Southwest MCI Way
     Madison, FL 32340

     Katherine McIntyre, AAG
     Office of the Attorney General
     1515 N. Flagler Drive, 9th Floor
     West Palm Beach, FL 33401-3432

---

[4] Petitioner Heinritz's reliance on Miranda-related claims as foundation for claims of ineffective assistance did not arise until his second and third Rule 3.850 motions. It was not until his third Rule 3.850 motion that Heinritz did not raise as a basis for ineffective assistance, his contention that the anonymous tip in his case lacked "indicia of reliability."